Slip Op. 11-151

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MYONIC GMBH, and NEW HAMPSHIRE BALL BEARINGS, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br>  Defendant, <br><br> and <br><br> THE TIMKEN COMPANY, <br><br>  Defendant-Intervenor. | Before: Gregory W. Carman, Judge <br><br> Court No. 11-00349 |

**ORDER**

Dated: December 6, 2011

*David Edward Bond*, *Jay Charles Campbell*, and *Walter Joseph Spak*, White & Case, LLP, for the plaintiffs.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, and *Melissa Marion Devine*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, for the defendant.

*Geert M. De Prest*, *William A. Fennell*, *Lane Steven Hurewitz,* and *Terence Patrick Stewart*, Stewart and Stewart, for the defendant-intervenors.

Carman, Judge: Plaintiffs ask the Court to stay this case. They argue that the issue for

**Court No. 11-00349**                                                                                                                       Page 2

decision—whether Commerce may legally employ zeroing in the calculation of dumping margins during an administrative review when it has abandoned zeroing during initial antidumping investigations—is "under review in multiple pending cases that are at more advanced stages." (ECF No. 24 ("Pls.' Mot. to Stay") at 3.) Plaintiffs point to four cases currently pending in the Court of International Trade: Dongbu Steel Co. Ltd. v. United States (Court No. 07-00125); JTEKT Corp. v. United States (Consol. Court No. 07-00377 and Consol. Court No. 08-00324); and SKF USA Inc. v. United States (Court No. 09-00392). (Id.) Plaintiffs argue that a stay pending a "conclusive court decision (including all appeals) on the zeroing issue would promote judicial economy and enable all parties to conserve resources." The instant case would best be stayed, plaintiffs claim, because if the ultimate court addressing the issue of zeroing in administrative reviews struck down zeroing, plaintiffs would prevail on that precedent. On the other hand, plaintiffs say they would withdraw their suit if the ultimate court upheld zeroing in administrative reviews. (Id. at 4.) Plaintiffs also seek an extension of 30 days from any denial of this motion in which to file their proposed briefing schedule and joint status report. (Id.)

Among many strongly argued points, Defendant's principal argument against a stay is that "[t]here is not yet a case [on point] pending at the United States Court of Appeals for the Federal Circuit, and therefore it is entirely speculative whether or when

the Federal Circuit will rule" on the issue of zeroing in administrative reviews. (ECF No. 27 ("Def.'s Resp.") at 2.) Because "there is no pending Federal Circuit decision and a decision from this Court would not bind future cases in this Court," Defendant reasons that a stay would needlessly delay resolution of this case. (Id. at 4.)

Examination of the docket sheets and opinions in the four cases cited by Plaintiff reveals that those cases are currently pending before other judges of the Court of International Trade (the two JTEKT cases and the SKF case are before Judge Timothy C. Stanceu, and Dongbu is before Judge Delissa A. Ridgway). In two of the cases, Dongbu and one of the JTEKT cases (Consol. Court No. 08-00324), the assigned Court of International Trade judge issued an opinion upholding zeroing in the administrative review and a judgment of dismissal. Each of those cases was appealed to the Court of Appeals for the Federal Circuit, which vacated each judgment and remanded each matter for further proceedings to enable Commerce to explain why foregoing zeroing in initial investigations, but not in administrative reviews, is nonarbitrary. A mandate was issued in each of the appealed cases returning it to the jurisdiction of the Court of International Trade, where the cases remain pending. The other two cases (SKF and the JTEKT case under Consol. Court No. 07-00377) are still before judges of the Court of International Trade and have never been appealed.

In all four of these cases, any decision of the Court of International Trade judge

**Court No. 11-00349**                                                                                     Page 4

assigned would be afforded due regard, but would not bind the decision of this Court. And it is pure speculation, as Defendant says, to assume that those cases which were appealed and returned to the Court of International Trade after being vacated and remanded by the Court of Appeals would ever reach the Court of Appeals again, or would do so before this case might reach the appeals stage.

In light of these considerations, the Court determines that a stay would cause unnecessarily delay and denies plaintiffs' motion. However, should this situation change at a later point, plaintiffs may renew their motion to stay.

It is therefore

**ORDERED** that plaintiffs' motion to stay is denied, and it is further

**ORDERED** that the parties shall submit a joint status report and proposed briefing schedule no later than January 6, 2012.

                                                                      /s/Gregory W. Carman
                                                                   Gregory W. Carman, Judge

Dated: December 6, 2011
      New York, New York